

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 2 9 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _shy_                           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| NORMAN ANTHONY BROWN, ) | Case No. EDCV 12-00530 CBM (AN) |
| Petitioner, ) | ORDER DISMISSING PETITION |
| v. ) | FOR A WRIT OF HABEAS CORPUS |
| COOPER, Warden, ) | |
| Respondent. ) | |

## I. Background

Before the Court is a petition for a writ of habeas corpus ("Petition") brought pursuant to 28 U.S.C. § 2241 by Norman Anthony Brown ("Petitioner"). The Petition and attached exhibits establish Petitioner is a state prisoner who is currently serving a 70 year prison sentence for a corresponding 1982 conviction for kidnaping, robbery, six counts of oral copulation, two counts of rape, and one count of rape with a foreign object, which he sustained in the Riverside County Superior Court in case no. CR019235. Due to apparent prison overcrowding, the California Department of Corrections and Rehabilitation ("CDCR") has confined Petitioner at the Tallahatchie Correctional Facility in Tutwiler, Mississippi, which is located in the Northern District of Mississippi.

On February 29, 2012, Petitioner filed his pending Petition with the United States District Court for the Northern District of Mississippi. However, on April 2, 2012, the Mississippi district court transferred the Petition to this Court since the Petition showed

1   Petitioner sustained his underlying 1982 conviction and sentence in this judicial district. On
2   April 9, 2012, the Petition was filed with this Court.

3   　As a prefatory matter, the Court takes judicial notice of its own records that disclose
4   Petitioner has previously filed six habeas petitions with this Court challenging his
5   underlying 1982 conviction and sentence. The first petition (CV 86-05637 CBM (B)) was
6   considered on the merits and dismissed with prejudice, and his subsequent petitions were
7   dismissed for abuse of the writ or as unauthorized successive petitions. (*See* CV 90-02494
8   WDK (B); CV 94-07399 JGD (GHK); CV 99-09057 CBM (AN); EDCV 07-00191 CBM
9   (AN) and EDCV 10-01831 CBM (AN).)

10   　However, unlike his prior habeas petitions, which were brought pursuant to 28 U.S.C.
11   § 2254, the pending Petition discloses Petitioner is not challenging the legality of his 1982
12   conviction and sentence. Instead, it raises claims directed at the execution of his sentence.
13   Specifically, the gravamen of the allegations in the Petition and attached exhibits establish
14   Petitioner is claiming that, in 1999 and 2000, the trial court, unilaterally and without a
15   hearing or notice to Petitioner, notified the CDCR to change its records to reflect Petitioner
16   was convicted on counts 6 and 7 for violating of Cal. Penal Code § 264.1 even though he
17   was actually convicted on counts 4, 6, and 7 of violating of Cal. Penal Code § 261(2), just
18   as set forth in the abstract for his judgment of commitment. As a result of the trial court's
19   alleged improper directive, Petitioner alleges the CDCR changed its records to reflect
20   Petitioner was convicted on counts 4, 6 and 7 of violating Cal. Penal Code § 264.1 and, as
21   a consequence, his projected release date has wrongfully been extended to June 12, 2020,
22   from July 14, 2019. Petitioner contends the trial court and CDCR have violated his federal
23   due process rights by engaging in the alleged conduct. With respect to exhaustion, Petitioner
24   asserts that, in February 2012, he filed a request for correction with an identified "agency,"
25   which the Court presumes is a reference to the CDCR. However, Petitioner does not show
26   or allege the CDCR has denied his request. Nor does Petitioner allege and show that he
27   exhausted his available state court remedies by filing a habeas petition with the California
28   Supreme Court.

## II. Discussion

As a threshold matter, the Court finds the Petition is subject to dismissal because a state prisoner challenging the duration or execution of his sentence must seek federal habeas relief pursuant to § 2254, not § 2241. *See White v. Lambert*, 370 F. 3d 1002, 1009-10 (9th Cir. 2004) (holding § 2254 is the exclusive vehicle for a state prisoner to challenge any aspect of his state custody).

Second, even if the Petition had been properly brought pursuant to § 2254 or could be reconstrued as § 2254 petition, the Court finds it would still be subject to summary dismissal as an unexhausted petition for the following reasons.

Habeas petitions brought pursuant to § 2254 are subject to the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules") and this Court's Local Rules. The Habeas Rules expressly provide that a district court must promptly examine a § 2254 petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Habeas Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656, 125 S. Ct. 2562 (2005); *see also* Local Rule 72-3.2 (authorizing magistrate judge to prepare proposed order for summary dismissal and proposed judgment for district judge if it plainly appears from the face of petition that petitioner is not entitled to relief). In *Felix*, the United States Supreme Court also held Habeas Rule 2(c) imposes a "more demanding" pleading standard than what is required under Fed.R.Civ.P. 8 for a standard civil complaint, and that typical notice pleading under Fed.R.Civ.P. 8(c) is insufficient. *Id.* at 655. Specifically, Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," and that each ground must be supported by a detailed statement of facts that "point to a real possibility of constitutional error." *Id.* at 655. A district court has a duty to dismiss a § 2254 petition that fails to satisfy Habeas Rule 2(c)'s "more demanding" pleading standard. *Id*.

Further, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 110 Stat. 1214 (1996), this Court may only entertain a state prisoner's application for federal

1  habeas relief on the ground that the prisoner's custody violates the Constitution or law or
2  treaties of the United States. § 2254(a).  Federal habeas relief "shall not be granted with
3  respect to any claim that was adjudicated on the merits in State court proceedings unless the
4  adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an
5  unreasonable application of, clearly established Federal law, as determined by the Supreme
6  Court of the United States; or (2) resulted in a decision that was based on an unreasonable
7  determination of the facts in light of the evidence presented in the State court proceeding."
8  § 2254(d)(1)-(2).  The key to triggering § 2254's deferential standard is a previous
9  "adjudicat[ion] on the merits in State court proceedings." § 2254(d).

10       Additionally, "before seeking a federal writ of habeas corpus, a state prisoner must
11  exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the
12  "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."
13  *Duncan v. Henry,* 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) *(per curiam)*
14  (quoting *Picard v. Connor,* 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed.2d 438 (1971)
15  (citation omitted)); *Carter v. Giubino,* 385 F.3d 1194, 1196 (9th Cir. 2004) ("[b]efore
16  seeking federal habeas relief, a state prisoner must fairly present all of his claims to the
17  highest state court....").  Because California does not provide for direct appellate review of
18  prison administrative decisions such as those made by the CDCR, state habeas review is the
19  first and only opportunity the California state courts have to hear a prisoner's constitutional
20  claims.  State prisoners challenging prison administrative decisions must therefore exhaust
21  state habeas relief before they file a federal habeas petition." *See Redd v. McGrath,* 343 F.3d
22  1077, 1082 (9th Cir. 2003) (holding prisoners seeking § 2254 relief of adverse parole board
23  decision must exhaust remedies by seeking state habeas relief if direct review is
24  unavailable).

25       Based upon the foregoing, the Court finds that, even if the Petition had been brought
26  pursuant to § 2254, the Petition would be subject to summary dismissal pursuant to Habeas
27  Rule 4 because it is an unexhausted petition. Petitioner has failed to allege and show he
28  presented his claim to the California Supreme Court by way of a state habeas petition before

filing his Petition.  He has also failed to allege and show the California Supreme Court has denied his claim. Accordingly, relief under § 2254 is unavailable since Petitioner cannot show the state courts' adjudication of his claim is contrary to, or based upon an unreasonable application of, clearly established Federal law.

### III. Conclusion

For the reasons set forth above, the reference to the Magistrate Judge is vacated and the Petition is summarily dismissed without prejudice.  Any and all other pending motions are denied as moot. The Clerk is directed to enter a judgment dismissing the entire action without prejudice and notify Petitioner

**IT IS SO ORDERED.**

DATED: May 23, 2012

_____
CONSUELO B. MARSHALL
SENIOR JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge